In the Matter of the Application for the Final Judicial Settlement of the Account of the UNION TRUST COMPANY, as Administrator of CHARLES W. MILLER, Deceased.

LILIAN P. HEANEY, as General Guardian, and GEORGE A. HEANEY, as Special Guardian, of CHARLES W. MILLER, Appellants; UNION TRUST COMPANY, as Administrator of CHARLES W. MILLER, Deceased, Respondent.

*Decree on previous accounting — how far conclusive.*

A decree rendered upon an administrator's previous accounting conclusively establishes the propriety of the administrator's acts up to that time and also the amount with which he is then chargeable.

APPEAL by Lilian P. Heaney, as general guardian, and George A. Heaney, as special guardian, of Charles W. Miller, an infant, from a decree of the Surrogate's Court of the county of Richmond, entered in said Surrogate's Court on the 31st day of October, 1900, dismissing the proceeding.

*Charles Gibson Bennett*, for the appellants.

*Hoffman Miller* [*Wheeler H. Peckham* with him on the brief], for the Union Trust Company, respondent.

PER CURIAM:

When the Union Trust Company, as administrator of Charles W. Miller, deceased, accounted in 1891, it had in its hands 300 shares of stock of the Oregon Improvement Company, 101 shares of the Western Improvement Company, and 175 shares of the Edison Electric Light Company of Europe. By a decree of the Surrogate's Court of Richmond county, rendered on the eighteenth day of May in that year, the administrator was directed to sell these uncollected inventoried assets "at such time as in its judgment the best price can be obtained and it will be for the best interest of the estate so to do;" and after deducting its commission, to pay one-third of the proceeds to the widow of the intestate and two-thirds to the general guardian of the child — the present infant petitioner.

In the proceeding before us, this decree, which is in all respects regular upon its face and which was made upon an accounting in which the present infant petitioner was duly represented by a qualified special guardian, was attacked on the ground that it was "the result of an obvious imposition on the court." The proof did not sustain this charge and the surrogate properly so held.

Upon the petition in this proceeding, however, the surrogate took testimony as to the dealings of the administrator with the uncollected inventoried assets already mentioned, since the decree of May 18, 1891. The evidence shows that in 1898 the Union Trust Company sold the Oregon Improvement Company stock at a net price of twenty-three and one-half per share, and that it had never sold the other securities because there was no market therefor. The amount realized for the Oregon Improvement Company stock seems to be as much as could have been obtained for it after the decree of May 18, 1891 But it appears that prior to that decree, in the year 1890, the administrator had sold 100 shares of the same stock belonging to the estate at fifty ; and the appellants insist that the administrator is at fault for not having got as much for the remainder. The answer to this contention is that the propriety of the administrator's acts up to May 18, 1891, was conclusively established by the decree of that date, as was also the amount with which it was then chargeable. (See O'Connor v. Huggins, 113 N. Y. 511, 516.) After the surrogate had determined in this proceeding that the decree of May 18, 1891, had not been obtained by imposition, the only remaining question was whether the administrator had followed the direction of that decree in its subsequent dealings with the uncollected inventoried assets ; and, as already intimated, we are of the opinion that the proof shows that it fulfilled its duty in this respect.

The decree now under review should, therefore, be affirmed.

Present — GOODRICH, P. J., BARTLETT, HIRSCHBERG, JENKS and SEWELL, JJ.

Decree of Surrogate's Court of Richmond county affirmed, with costs.